IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CATHERINE M. DOUGLAS,<br><br>Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 1:20-cv-03655<br><br>Judge Charles R. Norgle |

## MEMORANDUM OPINION AND ORDER

Defendant's motion to dismiss for failure to state a claim [10] is granted. The case is dismissed with prejudice.

## STATEMENT

Catherine Douglas ("Plaintiff") brings this case against I.Q. Data International, Inc. ("Defendant" or "I.Q. Data") and seeks redress for Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. According to Plaintiff, she was a victim of identity theft and later discovered that I.Q. Data had reported to Trans Union that she owed a debt of $8,406.00 ("the debt") that was, in fact, not hers. Plaintiff states that she contested the debt and notified I.Q. Data that the debt was not hers, but I.Q. Data continued to falsely report that she owed the debt. Plaintiff asserts that this continued false reporting constituted a violation of the FDCPA, and harmed her by leading her "to closely monitor her credit," causing her anxiety and expenditure of time, and rendering her "helpless to regain control of her credit standing and

1

creditworthiness." Compl. ¶¶ 23-25. She demands "actual damages" and "such additional damages, as the Court may allow, but not exceeding $1,000.00." Compl. at 5.[1]

Defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). It argues that Plaintiff, who has an ongoing bankruptcy matter in this district, should be judicially estopped from bringing this case because she failed to disclose this chose in action to the bankruptcy court. Plaintiff admits that she did not disclose this case to the bankruptcy court until after Defendant filed its pending motion to dismiss. Because Plaintiff withheld information from the bankruptcy court while enjoying the benefits of bankruptcy protection, the Court agrees with Defendant and the case is dismissed with prejudice.

## Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the plaintiff is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-557 (2007). This statement must provide sufficient plausible facts to put a defendant on notice of the claims against him. Brooks v. Ross, 578 F. 3d 574, 581 (7th Cir. 2009). The complaint "must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above a speculative level.'" Doe v. Village of Arlington Heights, 782 F.3d 911, 914 (7th Cir. 2015) (quoting Twombly, 550 U.S. at 555, 570). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citations and quotation marks omitted). In reviewing a

---

[1] The Court notes that, under recent and repeated Seventh Circuit precedent, Plaintiff may lack standing to bring this FDCPA action, but the Court dismisses this case on judicial estoppel grounds. Markakos v. Medicredit, Inc., No. 20-2351, 2021 WL 1937267, at *1 (7th Cir. May 14, 2021) ("In the last five months, we've held eight times that a breach of the Fair Debt Collection Practices Act [] does not, by itself, cause an injury in fact.").

plaintiff's claim, the court "must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

## Background

On November 30, 2015, Plaintiff filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois—In re Douglas, No. 15 BK 40764 (Bankr. N.D. Ill. 2015) (the "bankruptcy case").[2] The same law firm that represents Plaintiff in her bankruptcy case represents her in the present case. On April 8, 2016, Bankruptcy Judge Donald Cassling confirmed Plaintiff's Chapter 13 plan, which provided that Plaintiff would pay $1,828.00 for 6 months and $2,020.00 for 54 months. Dkt. 10, Ex. B. Plaintiff has since modified her Chapter 13 plan once; on April 20, 2018, Bankruptcy Judge Janet Baer granted Plaintiff's motion to modify the plan.

Plaintiff alleges that she was a victim of identity theft, and subsequently, in March of 2019, learned that I.Q. Data had falsely reported to Trans Union that she owed a debt of $8,406.00. Plaintiff then requested that I.Q. Data cease its false reporting. Specifically, on March 2, 2019, Plaintiff wrote to Defendant disputing the debt and informing it that her identity was stolen. According to Plaintiff, Defendant continued to report the false debt despite Plaintiff orally imploring Defendant to remove its reporting on multiple instances.

After I.Q. Data continued its alleged false reporting, Plaintiff brought this lawsuit on June 23, 2020. Defendant filed its present motion to dismiss on August 31, 2020, arguing that Plaintiff

---

[2] The Court takes judicial notice of Plaintiff's pending bankruptcy proceeding. Opoka v. I.N.S., 94 F.3d 392, 394 (7th Cir. 1996) ("Determinations to be judicially noticed include proceeding[s] in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.") (internal quotations omitted).

3

should be judicially estopped from bringing this case because she never reported it to the bankruptcy court. Over two months later, on November 19, 2020, Plaintiff amended Schedule B of her bankruptcy petition to include the instant case.

## Discussion

The doctrine of judicial estoppel "prevents a party from adopting a position in a legal proceeding contrary to a position successfully argued in an earlier legal proceeding." Johnson v. ExxonMobil Corp., 426 F.3d 887, 891 (7th Cir. 2005). Judicial estoppel is based upon protecting the integrity of the judicial system by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" Bradford v. Wiggins, 516 F.3d 1189, 1194 (10th Cir. 2008). It "is designed to 'prevent the perversion of the judicial process' 'by making litigants choose one position irrevocably [and] ... rais[ing] the cost of lying.'" Mayes v. Walgreen Co., No. 08 CV 5105, 2009 WL 1312957, at *3 (N.D. Ill. May 11, 2009) (quoting Cannon–Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006)).

Here, Plaintiff took two inconsistent positions: she brought the present case while maintaining a bankruptcy case without including the present case as an asset, thereby benefiting from bankruptcy protection while effectively hiding an asset from her creditors. In such an instance, "a debtor who receives even preliminary benefits from concealing a chose in action from his creditors can still be estopped from pursuing the suit in the future." Williams v. Hainje, 375 F. App'x 625, 627-28 (7th Cir. 2010) (affirming summary judgment for Defendant because the district court "reasonably inferred that [Plaintiff] made a knowing misrepresentation"). The Court holds that the doctrine of judicial estoppel bars the present case, which is dismissed with prejudice.

Section 541 of the Bankruptcy Code states that "[a]ny interest in property that the estate acquires after the commencement of the case" is property of the bankruptcy estate. 11 U.S.C. § 541(a). This includes "every conceivable interest of the debtor, future, non-possessory, contingent,

4

speculative, and derivative." Matter of Yonikus, 996 F.2d 866, 869 (7th Cir. 1993). Property acquired after the filing of a Chapter 13 petition must be disclosed, as property of the estate also "includes, in addition to the property specified in Section 541 of this title, all property of the kind specific in such section that debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first[.]" 11 U.S.C. § 1306(a)(1).

"Debtors have a continuing duty to schedule newly acquired assets while the bankruptcy case is open." Koku v. Bonewicz, No. 15 C 2747, 2015 WL 5965392, at *2 (N.D. Ill. Oct. 13, 2015) (quoting Rainey v. United Parcel Serv., Inc., 466 Fed.Appx. 542, 544 (7th Cir. 2012)); see Cannon–Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006) (finding plaintiff judicially estopped from bringing case because "if [she] were really making an honest attempt to pay her debts, then as soon as she realized that [the administrative claim] *had* been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery").

Plaintiff concedes that the instant action represents an asset that needed to be disclosed to the bankruptcy court, even though her FDCPA claim accrued after the commencement of the bankruptcy. However, she argues that her "amendments to her bankruptcy schedules cure the judicial estoppel issue[.]" Dkt. 14 at 3. Unfortunately for Plaintiff, she is wrong.

Plaintiff states that her omission was a simple mistake and argues that her case should proceed because there is no evidence that she acted in bad faith, especially given that she ultimately disclosed the case to the bankruptcy court. It is true that judicial estoppel "is an equitable doctrine and not an absolute rule, therefore it applies to debtors who have lied to the bankruptcy court and attempted to hide assets, not necessarily to 'a debtor who errs in good faith and tries to set things right by surrendering the asset to the Trustee.'" Koku v. Bonewicz, No. 15 C 2747, 2015 WL

5

5965392, at *2 (N.D. Ill. Oct. 13, 2015); see In re Shethi, 389 B.R. 588, 605 (Bankr. N.D. Ill. 2008). "[I]n some circumstances, it may be appropriate to resist application of judicial estoppel where a creditor innocently and inadvertently failed to disclose an existing claim in his bankruptcy disclosures . . . The Court is persuaded, though, by a line of circuit cases holding that a creditor's failure to disclose a cause of action in Bankruptcy Court should be deemed inadvertent or mistaken only when the debtor either [1] lacked knowledge of the factual basis of the undisclosed claim or [2] had no motive to conceal." Bland v. Rahar, No. 06-3072, 2008 WL 109388, at *3 (C.D. Ill. Jan. 9, 2008); see also Smith v. Am. Gen. Life Ins. Co., 544 F. Supp. 2d 732, 735 (C.D. Ill. 2008) (articulating the same standard).

Under that framework, considering all the facts and circumstances of the case, the Court cannot conclude that Plaintiff was acting in good faith and simply made an inadvertent mistake. Plaintiff admits that she had knowledge of the factual basis of her claim as early as March 2019, when she knew that I.Q. Data was improperly reporting the debt. She filed this lawsuit in June 2020 while at the same time making significant monthly payments to the bankruptcy trustee, so she cannot reasonably claim that she forgot to disclose this lawsuit.[3] Ultimately, she disclosed the claim to the bankruptcy court only (over two months) after Defendant moved to dismiss this case on judicial estoppel grounds. "The cases are uniform that corrective action taken only after being 'caught' and compelled to do so by one's opponent is too late; it is not a defense to the application of judicial estoppel." Wiggins v. Citizens Gas & Coke Util., No. 1:03-CV-1882-SEB-JMS, 2008 WL 4530679, at *3 (S.D. Ind. Oct. 7, 2008); see also Bland v. Rahar, No. 06-3072, 2008 WL 109388, at *2–3 (C.D. Ill. Jan. 9, 2008) (applying judicial estoppel despite that "Bland quickly moved to amend his bankruptcy disclosures after Defendants pointed out Bland's previous

---

[3] The Court again notes that the same law firm represents Plaintiff in both her bankruptcy case and the present case.

failure."). Plaintiff also had a motive to conceal. Were she able to succeed on her claim without disclosing it to the bankruptcy court, she might receive a windfall profit to the detriment of her creditors.[4]

Plaintiff attempts to distinguish her case from cases cited by Defendant by emphasizing that: (1) her chose in action here arose *after* she filed for bankruptcy, and (2) her debt has yet to be discharged, so her creditors have not been harmed. Those arguments are not persuasive. As the Court previously stated, Plaintiff had an ongoing duty to disclose her assets as they materialized, and here failed to do so until Defendant moved to dismiss. See Davis v. Mitsubishi Motors of N. Am., Inc., No. 09-1255, 2011 WL 4056072, at *4 (C.D. Ill. Sept. 8, 2011) ("Davis asserts that he should not be estopped because his employment discrimination claim arose after he commenced his bankruptcy proceedings, and he never received any financial benefit from the litigation during the pendency of the bankruptcy. This is incorrect as a matter of law."). Also, the fact that she has yet to formally receive a discharge cannot save her claim; otherwise, debtors would be incentivized to attempt to conceal assets in bankruptcy. See Williams v. Hainje, 375 Fed. App'x. 625, 626-27 (7th Cir. 2010) (affirming summary judgment for Defendant despite that Plaintiff ultimately disclosed his civil rights suit while his bankruptcy case was still pending).

Defendant also argues that Plaintiff's claim is time-barred under the one-year statute of limitations. Because the Court dismisses the case on judicial estoppel grounds, the Court need not address the statute of limitations argument.

---

[4] Under Seventh Circuit precedent, dismissal of Plaintiff's case may be appropriate regardless of her intent. "Under [a] theory [that was stated in the nonprecedential decision in Becker v. Verizon North, Inc., 2007 WL 1224039, (7th Cir. April 25, 2007)], whether Bland's failure to disclose was an intentional fraud on the court or merely a mistake makes no difference." Bland v. Rahar, No. 06-3072, 2008 WL 109388, at *3 (C.D. Ill. Jan. 9, 2008) (stating that "[a]s this statement [from Becker] is mere dicta in a nonprecedential decision, however, the Court will not rely on it in ruling here" and holding that judicial estoppel still applied.). However, the Court does not rely on this point in granting the present motion to dismiss.

Case: 1:20-cv-03655 Document #: 18 Filed: 05/17/21 Page 8 of 8 PageID #:165

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss is granted and the case is dismissed with prejudice.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: May 17, 2021

8